**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-6394**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

SAMUEL ENRIQUE VILLALOBOS SANCHEZ,

      Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:17-cr-00238-LMB-3)

Submitted: August 30, 2021             Decided: September 8, 2021

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Samuel Enrique Villalobos Sanchez, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Enrique Villalobos Sanchez pled guilty to aiding and abetting a murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), (2), and was sentenced in January 2019 to life imprisonment. Sanchez's appeal was dismissed based on the appellate waiver in his plea agreement.

In January 2021, Sanchez filed a motion in the district court entitled "Over-All Motion for Legal Inquiry and to Thereby Exhaust the Local Remedies," in which he claimed that his life sentence imposed when he was 19 years old was a violation of the Eighth Amendment, that his guilty plea had not been made knowingly and voluntarily, and that he was denied effective assistance of counsel.

The district court noted that, although Sanchez's motion was not captioned as a motion to vacate under 28 U.S.C. § 2255, his claims of ineffective assistance of counsel and his challenge to the validity of his guilty plea should be raised in a § 2255 motion. The district court dismissed those claims without prejudice after providing Sanchez with the proper notice required by *United States v. Castro*, 540 U.S. 375, 383 (2003) (holding that, before recharacterizing a postjudgment motion as a § 2255 motion, "the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has"). We agree with the district court's disposition of these claims.

2

The district court addressed Sanchez's sentencing claim on the merits, however, finding that his life sentence did not violate the Eighth Amendment. We find that this claim, too, should have been dismissed without prejudice in order to avoid confusion should Sanchez file a proper § 2255 motion. Accordingly, we affirm the district court's order as modified to show that the dismissal of Sanchez's sentencing claim is without prejudice.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED AS MODIFIED*